## SINGER v. McDERMOTT.

(Supreme Court, Appellate Term. March 5, 1900.)

MASTER AND SERVANT—INJURIES TO THIRD PERSON—LIABILITY OF MASTER.

    Defendant, having contracted with a power company to haul coal from a dock to certain premises, secured a cart, horses, and driver from another coal company to assist his own workmen in the delivery. The driver so employed was directed by the power company where to deliver the coal, and paid by his own employer, who, in turn, charged it up to defendant. The driver, after delivering a load, left open a coal hole in the sidewalk, which plaintiff fell into, and was injured. *Held*, that the relation of master and servant did not exist between defendant and the driver, so as to make the former liable for the injuries of plaintiff.

Appeal from city court of New York, general term.

Action by Maggie Singer against John McDermott for personal injuries. From a verdict and judgment for plaintiff (61 N. Y. Supp. 1111), defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

Frank E. Smith, for appellant.

George W. Gibbons and Daniel T. Kimball, for respondent.

PER CURIAM. The plaintiff was injured by falling into a coal hole which had been left open by the driver of a coal cart. The only question necessary to be considered on this appeal is whether the driver was the servant of the defendant in such sense as to justify a verdict against the latter for the driver's wrongful act. The defendant was employed by the Hall Power Company to cart coal from a dock to certain premises in West Houston street. He had carts and horses of his own, and at times hired other carts, horses, and drivers. One Pangburn, who is engaged in the coal business, also has carts and horses, which he uses, not only in carting his own coal, but also in carting for any one else who hires them. On the day of the accident, McDermott, the defendant, hired from Pangburn a cart, horses, and driver for the purpose of carting

the coal for the Hall Power Company. The driver was sent, with his cart and horses, to the boat, where he received from the representative of the Hall Power Company a ticket indicating the destination of the load of coal, and it was his duty to carry the coal to the place designated, and there to deliver it. It does not appear that the defendant was at the dock, or gave the driver any directions at all. The driver, who was responsible for the accident, was in Pangburn's employ, and was paid by him for his work on the day of the accident; Pangburn, in turn, charging McDermott by the day or the hour, as the case might be, for the use of the cart, horses, and driver. The driver was undoubtedly, in a certain sense, acting under an employment by the defendant, but that fact alone does not establish the liability of the defendant for the driver's wrongful or negligent act. Not only must employment be shown, but it must also be shown that the employment created the relation of master and servant. Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755; King v. Railroad Co., 66 N. Y. 181; Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017. The test generally applied is stated by Judge Finch in Butler v. Townsend, supra, to the effect that the relation of master and servant exists where the employer selects the workman, may remove or discharge him for misconduct, and may order, not only what work shall be done, but the mode and manner of performance. In the present instance it does not appear that the defendant made any selection of this particular driver, but merely that he hired a driver from Pangburn, leaving to the latter the selection of the man to be sent. Nor had he the power to remove or discharge him for misconduct. The most he could have done, if he had found the driver unsatisfactory, would be to send him back to his employer, Pangburn, to be dealt with by him. Nor did the defendant undertake to order the mode and manner of the driver's performance of the work to which he was assigned, and thus assume responsibility for the results of the adoption of such mode or manner. Tested by the rule above cited, it is clear that the relation of master and servant did not exist between the defendant and the driver whose wrongful act resulted in the injury to the plaintiff. The precise question involved in this appeal has very recently been examined and passed upon by the court of appeals in a case closely analogous to the present. Murray v. Dwight, 161 N. Y. 301, 55 N. E. 901. In that case the defendant was the owner of a warehouse, and desired to hoist certain goods into an upper story. The hoisting was to be done by means of a chain running through a pulley at the top of the building, and the method of working the chain involved the hitching of one end of the chain to a horse, which was to be led backward and forward in the basement of the building. The defendant hired from a truckman the use of a horse and a man to lead him back and forth. In the course of his employment, the man sent by the truckman was injured by the negligence of one of the defendant's servants. The question of the defendant's liability for the accident turned upon the determination as to whether the plaintiff was the servant ad hoc of the warehouseman; for, if he was, his injury was the result of the negligence of a fellow servant. In deciding that he

was not the servant of the warehouseman, the court uses language peculiarly applicable to the case now under consideration, saying:

"The question when and under what circumstances the servant of a general master becomes the servant of another is often difficult of solution. There is some apparent conflict in the authorities, due more to the difficulty of applying the legal principle to ever-varying facts than to any discord with respect to the principle itself. * * * The relation of master and servant is often confused with some other relation. The mere fact that one person renders some service to another for compensation, express or implied, does not necessarily create the legal relation of master and servant. There are many kinds of employment which are peculiar and special, where one person may render service to another without becoming his servant in a legal sense. A servant is one who is employed to render personal services to his employer otherwise than in pursuit of an independent calling. The truckman who transports the traveler's baggage or the merchant's goods to the railroad station, though hired and paid for the service by the owner of the baggage or the goods, is not the servant of the person who thus employs him. He is exercising an independent and quasi public employment, in the nature of a common carrier, and his customers, whether few or many, are not generally responsible for his negligence or wrongful acts, as they may be for those of other persons in their regular employment as servants. A contract, whether express or implied, under which such special jobs are done or such special services rendered, is not that of master and servant, within the law of negligence."

The relation which the driver of the coal cart bore to the defendant is precisely that which an expressman bears to the owner whose trunks he carries, or the truckman bears to the merchant whose goods he transports. If an expressman employed by a traveler to carry a trunk to a railway station should, in unloading the trunk from his wagon, negligently injure a bystander, no one would contend for an instant that the traveler could be held liable for the results of such negligence. There is no more reason for holding the defendant liable in the present case; for there is no difference, except that in the present case the subject of the transportation was coal, and in the supposed case it was a baggage. We are unable to distinguish this case from Murray v. Dwight, supra, or Michael v. Stanton, 3 Hun, 462.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.