WALDMAN v. PICKER BROS.

(Municipal Court of City of New York, Borough of Manhattan, First District. February 28, 1912.)

MASTER AND SERVANT (§ 301*)—INJURIES TO THIRD PERSONS.

In an action for damages done by an auto truck, where it appears that defendant did not employ or pay the chauffeur, that the truck was hired by the week, that the motor company paid for all repairs and supplies, that defendant had no selection of chauffeurs and exercised no authority or control, except to indicate the place where to go to deliver or receive goods, the chauffeur doing nothing but run the truck, while two employés of defendant were sent along to do all loading, a motion to set aside a judgment for defendant will be denied.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1210–1216; Dec. Dig. § 301.*]

Action by David Waldman against Picker Bros. Judgment for defendants. On motion to set aside judgment. Denied.

R. Marks, of New York City, for plaintiff.
Louis Boehm, of New York City, for defendants.

SEAMAN, J. It appears from the testimony that the defendants did not own the auto truck which caused the damage for compensation for which plaintiff sues, did not employ or pay the chauffeur; but that the truck was hired by the defendants from the Motor Renting Company for $90 a week; that the Motor Renting Company supplied the chauffeur and paid his wages, and paid for all repairs, oils, gasoline, etc., for its operation; that the defendant had no power of selection of the particular chauffeur who was to run the truck, and from time to time different chauffeurs were sent by the owners of the truck for that purpose.

It does not appear that the defendant exercised any authority or control over the truck or its driver, except to indicate to the driver the place where he was to go to deliver or receive goods; neither does it appear that the chauffeur had any duties to perform, except to operate the auto truck. The defendant sent with the truck two employés, who had no duties, except to load and unload the merchandise. The decisions as to the liability of parties hiring vehicles under such conditions are exceedingly close, and it is difficult to distinguish between the facts upon which diverse judgments have been founded.

Upon the authority, however, of Kellogg v. Church Charity Foundation of Long Island, 203 N. Y. 191, 96 N. E. 406, 38 L. R. A. (N. S.) 481, Ann. Cas. 1913A, 883, and Singer v. McDermott, 30 Misc. Rep. 738, 62 N. Y. Supp. 1086, the motion to vacate and set aside the judgment will be denied. No costs.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes